UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| QUINZELL LA'WON GRASTY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 1:17-CV-247-CLC-SKL |
| MIKE PARRIS, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

This Court denied Petitioner Quinzell La'Won Grasty's federal habeas petition under 28 U.S.C. § 2254 by judgment entered September 19, 2019 [Doc. 19], and the Court of Appeals for the Sixth Circuit subsequently denied Petitioner's motion for a Certificate of Appealability ("COA") from that judgment [Doc. 22]. Before the Court is Petitioner's "Motion for Relief from Judgment or Order" pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Doc. 24], and his motion to proceed as a pauper [Doc. 26]. For the reasons set forth below, both motions [Docs. 24 and 26] will be **DENIED**.

**I.     LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner has filed his motion under subsection (b)(6), which is the "catchall provision" of the statute that provides relief from judgment for any reason not captured by the other, more specific provisions. *West v. Carpenter*, 790 F.3d 693, 696–97 (6th Cir. 2015) (citation omitted). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Rather, Rule 60(b)(6) relief applies only in "exceptional or extraordinary circumstances where principles of equity mandate relief." *Id*. However, such circumstances "rarely occur" in habeas cases. *Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 534, 535 (2005)). Whether a circumstance is "exceptional or extraordinary" requires a "case-by-case inquiry . . . [that] intensively balance[s] numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *West*, 790 F.3d at 697 (citation omitted).

## II. DISCUSSION

"A motion under Rule 60(b) may be treated as a second or successive habeas petition" "if it asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on

2

the merits.'" *Tyler*, 749 F.3d at 506–07 (alterations in original) (quoting *Gonzalez*, 545 U.S. at 530, 532). A Rule 60(b) motion "is not ... a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez*, 545 U.S. at 538. Here, Petitioner does not identify errors in how the Court analyzed the merits of his petition, nor does he challenge any non-merits aspects of the Court's resolution of his claims. Instead, he presents ineffective assistance of counsel claims that were not raised in the previous petition [*Compare* Doc. 25 *with* Doc. 2 at 12–17]. As such, his motion is appropriately treated as a second or successive application for federal habeas relief. *See Gonzalez*, 545 U.S. at 531–32 (finding petitioner made habeas claim when he sought to add new ground for relief or "new evidence in support of a claim already litigated" that required him to meet requirements for filing successive petition). Therefore, Petitioner is **ADVISED** that in order to pursue the claims presented in the instant motion, he must first obtain leave from the Sixth Circuit to proceed in this Court on a successive petition. *See* 28 U.S.C. § 2244(b)(3); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

### III. CONCLUSION

For the reasons set forth above, Petitioner's motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure [Doc. 24] is **DENIED**. A certificate of appealability ("COA") is **DENIED** as to the Court's Rule 60(b) ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding COA should issue only where reasonable jurists would find it "debatable whether the petition states a valid claim for the denial of a constitutional right" and would "find it debatable whether the district court was correct in its procedural ruling"); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (requiring COA to appeal denial of Rule 60(b) motion). Because

Petitioner's motion is not taken in good faith, Petitioner's motion to proceed *in forma pauperis* [Doc. 26] is **DENIED**. *See* Fed. R. App. P. 24.

    **SO ORDERED.**

    **ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**